**United States District Court**
For the Northern District of California

**E-FILED on**   2/18/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLEN GAMBLE and VERONICA GAMBLE<br><br>Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE CORPORATION and OCWEN LOAN SERVICING, LLC, And All Persons Unknown Claiming Any Legal Or Equitable Right, Title, Estate, Lien Or Interest In The Property Described In The Complaint Adverse To Plaintiff's Title, Or Any Cloud Upon Plaintiff's Title Thereto, Does 1-100,<br><br>Defendants. | No. C-08-05532 RMW<br><br>ORDER GRANTING DEFENDANT OCWEN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC'S MOTION TO DISMISS<br><br>**Re Docket Nos. 5, 6, 8, 9, & 13** |

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and GMAC Mortgage, LLC ("GMAC") separately move to dismiss Allen and Veronica Gamble's ("Gambles") complaint under Rule 12(b)(6) for failure to state a claim. For the reasons stated below, the court grants both motions.

**I. BACKGROUND**

Plaintiffs were the beneficial owners and title holders of residential real property in Salinas, California. (Compl. ¶ 1.) Ocwen serviced the loan for this property during 2007 and had authority to act on behalf of the holder of the underlying promissory note. (*Id.* at ¶ 3.) On or about June 15, 2007 plaintiffs and defendant Ocwen entered into a forbearance agreement ("Ocwen agreement") in

lieu of foreclosure of the Salinas property. (*Id.* at ¶ 7.) Plaintiffs contend that they fully complied with that agreement's terms. (*Id.*)

After the execution of the Ocwen agreement, GMAC began to service the loan. (*Id.* at ¶ 8.) No later than January 2008, GMAC repudiated the Ocwen agreement and represented to plaintiffs that they were obligated to enter into a new agreement with different terms to avoid a trustee's sale. (*Id.*) Plaintiffs tendered a payment to satisfy a condition of the GMAC forbearance agreement on February 29, 2008. However, the foreclosure sale of the Salinas property occurred on March 6, 2008. (*Id.*) Plaintiffs assert that they did not know that GMAC's offer was withdrawn or that a forbearance was not in effect, as plaintiffs received letters relating to the forbearance as late as March 4, 2008. (*Id.*)

Plaintiffs allege that the foreclosure sale was unlawful because 1) a forbearance agreement was in effect; 2) plaintiff's tendered and GMAC refused payment under the new agreement; 3) the credit bid was overstated as it did not include payments made to Ocwen; and 4) plaintiffs were not notified of the date of the sale. (Compl. ¶¶ 10 and 11.)

Plaintiffs seek a declaratory judgment that both defendants breached the forbearance agreements and that GMAC defrauded plaintiffs and violated California Civil Code § 2924, therefore excusing plaintiffs of their obligations under the forbearance agreements. (Compl. 5:15.) Plaintiffs also seek a declaration that plaintiffs are the true owners of the Salinas property, and that plaintiffs are entitled to monetary damages if defendants cannot reconvey title of the Salinas property to plaintiffs. (Compl. 5:16 - 6:14.)

## II. ANALYSIS

### A. General Standards for Rule 12(b)(6) Motion to Dismiss

A 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). At the motion-to-dismiss stage, the court must accept the plaintiff's factual allegations as true and construe them in the light most favorable to

ORDER GRANTING DEFENDANT OCWEN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC'S MOTION TO DISMISS  —No. C-08-05532 RMW
AEA                                    2

the non-moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). But the court need not accept "labels and conclusions," and "formulaic recitation[s] of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544.

### B. Claim for Declaratory Relief

Plaintiffs seek declaratory judgment under California Civil Code § 1060. Defendant GMAC moves to dismiss, arguing that declaratory relief under § 1060 is improperly sought in this action because "declaratory relief operates prospectively to declare future rights, rather than to redress past wrong." (Def.'s Mot. to Dismiss 5:8.) But once a case is removed to federal court, whether to grant declaratory relief becomes a procedural matter implicating the Declaratory Judgement Act ("DJA"). *Lopez v. GMAC Mortgage Corp.,* 2007 WL 3232448 (N.D. Cal.) (citing *Golden Eagle Ins. Co. v. Travelers Cos.,* 103 F.3d 750, 753 (9th Cir. 1996) (*overruled on other grounds* by *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220 (9th Cir. 1998))). The DJA permits federal courts to "declare the rights and other legal relations" or parties to "a case of actual controversy." 28 U.S.C. § 2201. Further, declaratory judgment actions are governed by the same pleading standards as other federal civil actions. *Marchese v. Shearson Hayden Stone, Inc.*, 644 F. Supp. 1381, 1386 (C.D.Cal.1986) (citing 5 WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1238, 202 (1969)).

#### 1. Breach of Contract

Here, plaintiffs want the court to issue a declaratory judgment declaring that defendants breached the forbearance agreements. They do not, however, sufficiently plead the elements of the underlying breach of contract action to defeat defendants' motions to dismiss. To establish a breach of contract claim, the plaintiff must demonstrate a contract, the plaintiff's performance or excuse for nonperformance, the defendant's breach, and damage to the plaintiff. *Amelco Elec. v. City of Thousand Oaks* 27 Cal.4th 228, 243 (2002) (citing 4 WITKIN, CAL. PROCEDURE (4th ed. 1997) Pleading, § 476, p. 570.).

##### a. Ocwen

Plaintiffs assert that they entered a forbearance agreement with Ocwen and that they complied with the terms of that agreement by making agreed upon payments. (Compl. ¶ 7.) They

then go on to state that Ocwen breached the agreement. (Compl. ¶ 13.) They do not, however, allege what the essential terms of the agreement were or how Ocwen breached it. The statement that Ocwen breached the forbearance agreement is conclusory and thus the claim cannot survive Ocwen's motion to dismiss.

### b.   GMAC

Plaintiffs allege that GMAC offered to enter a forbearance agreement with them on "January 24, [2008]" to avoid a foreclosure sale, that they tendered $4,532.83 on or about February 29, 2008, that GMAC refused plaintiffs' tender, and that GMAC caused the Salinas property to be foreclosed upon. (Compl. ¶¶ 8-9.) In support of this allegation, plaintiffs attach GMAC's offer as Exhibit 2 to their complaint. The offer attached is dated January *14*, 2008, not January 24, 2008. Further, the offer states that in order to participate, plaintiffs must "sign [the] letter; and return it along with the payment indicated . . . by **1/21/2008**." (Ex. 2 to Compl. (emphasis added))

Where an exhibit to a pleading is inconsistent with the pleading, the exhibit controls. *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 674 (2d Cir. 1995) ("document that discloses what the complaint alleges it concealed will defeat the allegation of concealment"); *Hoff Supply Co. v. allen-Bradley Co.*, 768 F. Supp 132, 134 n.3 (M.D. Pa. 1991) ("in the event of an inconsistency between averments in the complaint and the actual provisions of the agreements, the agreements will prevail"); *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) ("in the event of conflict between the bare allegations of the complaint and any exhibit attached ..., the exhibit prevails"); *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate."); *Consolidated Jweelers, Inc. v. Standard Fin. Corp.*, 325 F.2d 31, 36 (6th Cir. 1963) ("in case of a variance between the allegations of a pleading and the recitals of an exhibit thereto attached, the latter will govern when the exhibit is the foundation of the pleading"); *Northern Ind. Gun & Outdoor v. City of Southbend*, 163 F.3d 449, 454 (7th Cir. 1998) ("when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations"). Here, the facts alleged by plaintiffs are inconsistent with the exhibit. The exhibit gives a deadline of January 21, 2008 to tender a payment of $4,532.83. In their complaint plaintiffs

ORDER GRANTING DEFENDANT OCWEN'S MOTION TO DISMISS AND GRANTING DEFENDANT GMAC'S MOTION TO DISMISS  —No. C-08-05532 RMW
AEA                                                                 4

state that "on or about February 29, 2008 plaintiffs tendered the first payment to GMAC," and "GMAC wrongfully refused payment under the putative new agreement." The offer explicitly states the deadline and plaintiffs allege that they tendered the first payment over thirty days after that deadline. It appears that under the facts alleged and the exhibit provided that there was no forbearance contract with GMAC in effect and thus no breach of that contract. This claim is therefore dismissed.

### 2. Fraud

Plaintiffs assert that GMAC defrauded plaintiffs by "feigning cooperation . . . while at the same time taking actions [to cause the foreclosure sale]," but do not plead facts sufficient to meet Rule 9(b)'s heightened pleading standard. Fed. R. Civ. P. 9(b). Rule 9 requires pleading of evidentiary facts, such as time, place, persons, statements, and explanation of why statements are misleading. *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994). Here, plaintiffs do not allege specific facts beyond a bare allegation of fraud. The complaint therefore fails to state a claim.

### C. Other Matters

As for the complaint's allegations that defendants violate California Civil Code § 2924, the complaint does not allege the particular provision violated, nor what specific conduct constituted its violation. Those claims are also dismissed. Because all of plaintiffs' claims are dismissed, the court does not reach Ocwen's request for judicial notice.

### D. Plaintiffs' Objection to Defendant GMAC's Notice of Stipulation to Extend Time to Respond to Plaintiff's Complaint

Plaintiffs object to the stipulation filed by GMAC to extend time to respond to the complaint. While plaintiffs agreed to extend the time in which GMAC had to respond, they argue that they did not agree to GMAC "late filing a Rule 12 motion." (Pl.'s Notice of Objection to Notice of Stipulation.)

A 12(b) motion "must be made before *pleading* if a responsive pleading is allowed." Fed. R. Civ. P 12(b) (emphasis added). The Ninth Circuit has held that 12(b) motions may be filed any time before an answer is filed, and that where defendants obtain an extension of time to respond, this

includes the right to assert 12(b) defenses by preanswer motion. *Aetna Life Ins. Co. v. Alla Medical Services, Inc.,* 855 F.2d 1470, 1474 (9th Cir. 1988). Thus, because plaintiffs agreed to extend GMAC's time to respond, they extended GMAC's time to move to dismiss under Rule 12(b).

### III.  ORDER

For the reasons stated above, defendants' motions to dismiss are granted. Plaintiff shall have 20 days leave to amend. Plaintiffs' motion for sanctions is denied.

DATED:   2/18/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

William B. Look            look_mtr@sbcglobal.net

**Counsel for Defendants:**

Alice Marie Dostalova      amdostalova@wolfewyman.com

Eric D. Houser             ehouser@houser-law.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    2/18/09                         JAS
                                    **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California